### OF

## THE STATE OF NEW JERSEY.

### MAY TERM, 1901.

---

WILLIAM J. MAGIE, ORDINARY.

ALFRED REED, VICE-ORDINARY.

---

JOHN L. CONOVER, appellant,

*v.*

HOLMES V. N. DENNIS, JR., et al., respondents.

[Filed July 16th, 1901.]

When a devise of real estate is made subject to a charge that the devisee should pay to testator's executors, in one year after testator's decease, the sum of $10,000, and if said real estate should be encumbered by mortgage or mortgages at testator's decease, the devisees should take

207

the same subject to said mortgage or mortgages to an amount not exceed-
ing $10,000, and in case such mortgages should be for less than $10,000,
then to take the real estate subject thereto and pay the difference between
the amount of said mortgage or mortgages and said charge of $10,000.—
*Held,* that the estate of testator is liable for the interest of a mortgage
encumbering said real estate during the year subsequent to testator's
death.

On appeal from the Monmouth county orphans court.

*Mr. John L. Conover, pro se.*

*Mr. Holmes V. N. Dennis, pro se.*

MAGIE, ORDINARY.

Appellant is the executor of the last will and testament of
Stacy P. Conover, deceased, and is interested in the provisions
made thereby. Respondents are also interested therein.

The appeal is from a decree of the Monmouth county orphans
court allowing an exception interposed by respondents to a charge
contained in an account presented by appellant as executor. The
charge was for the amount of $300 paid by him as interest for
one year from the death of testator upon a certain mortgage for
$5,000. The transcript shows that the payment was excepted to
on the ground that the estate was not chargeable with it.

It appears by the will and stipulation of counsel that the
mortgage in question was an encumbrance upon a certain farm
and tract of woodland, of which testator died seized, and secured
some obligation of testator; that testator, by his will, devised
the farm and woodland to appellant for the term of his natural
life and to the children of appellant in remainder; that the de-
vise was in the said will expressed to be

"subject, however, to the following charge : that the devisee or devisees,
as the case may be, of said farm and tract of woodland shall pay to my
executors hereinafter named, in one year after my decease, the sum of
ten thousand dollars, which said sum of ten thousand dollars I do hereby
make a charge and lien on said farm and tract of woodland until paid
or otherwise satisfied; and it is my will, and I do order and direct, that

Conover *v.* Dennis.

if at the time of my decease there shall be a mortgage or mortgages upon said farm then that the devisee or devisees, as the case may be, of said farm and tract of woodland, may take said farm, as above devised, subject to said mortgage or mortgages to an amount not exceeding said sum of ten thousand dollars; and in case said mortgage or mortgages should be for less than ten thousand dollars then to take said farm subject thereto and pay the difference between the amount of said mortgage or mortgages and said charge of ten thousand dollars in cash to my executors."

Respondents claim that the payment of the interest in question was not properly chargeable to the estate of the deceased, but should have been made by appellant himself, as a tenant for life of an encumbered estate. The doctrine that a tenant for life must keep down encumbrances is applicable as between him and the remaindermen. It has no applicability to the situation presented in this case. The question whether the interest upon the mortgage encumbering the devised lands for the year following testator's death should be paid out of the estate of testator, would be as forcibly presented if appellant had died the day after testator, and the estate of appellant's children, or some of them, had become vested in possession. The question presented must be solved by ascertaining the true construction of the will in imposing upon the devisees of this land the payment of money to the executors as a condition of the devise.

If at testator's death the land had been unencumbered by mortgage, no possible question could be made but that the devisees would entirely satisfy the condition imposed thereon by the payment of $10,000 within one year from testator's death, without interest.

What was the testator's intent in case he died leaving the farm encumbered by mortgage?

If the land, at testator's death, had been encumbered by a mortgage for precisely $10,000, did he intend that the devisees should take the land subject to that encumbrance as of the date of his death, or as of the date of one year later, when, under the previous clause, devisees could have satisfied the condition by the payment of $10,000, without interest?

I think that the testator has indicated what his intent was by the statement that the devisees in such case were to take the farm

14

"as above devised, subject to said mortgage or mortgages to an amount not exceeding the sum of $10,000." The intent shown was that the devisees should take the land, and, if unencumbered, pay the charge in one year, without interest, but if encumbered by an equal sum, to take the land at the face of the encumbrance, not then exceeding the charge. This would cast upon the estate the payment of the interest for the intervening year.

A like intent is discoverable in respect to the case which has occurred and is now presented. There was in existence at the testator's death an encumbrance upon the land for less than $10,000. The amount which devisees are then to assume is part of the $10,000, and the balance may be satisfied by the payment of the difference between the amount of the "said mortgage" and the charge of $10,000.

In respect to the case in hand, it is also to be observed that if the language of the clause providing that they should "take said farm subject" to a mortgage for less than $10,000 should be construed to impose upon them the interest from testator's death, as well as the principal of the mortgage, a like result would be reached because the cash payment, when it came due, would be satisfied by paying the difference between the mortgage assumed and $10,000. But as this construction could not be applied in the case of an encumbrance to the full amount of $10,000 without running counter to testator's clear intent, I think the other construction is to be preferred.

It results that the order of the orphans court was erroneous, and must be reversed.